| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS MIDLAND DIVISION | |

| | | |
|---|---|---|
| ELIAS V. CASTILLO and MARTIN LEVANG, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| | § | |
| *Plaintiff(s)*, | § | |
| | § | No. _____ |
| v. | § | |
| | § | |
| JAN RESOURCES, LLC, | § | |
| | § | |
| *Defendant(s)*. | § | |

## PLAINTIFFS ELIAS V. CASTILLO AND MARTIN LEVANG'S ORIGINAL COMPLAINT

Plaintiffs Elias V. Castillo (referred to as "Castillo"), Martin Levang (referred to as "Castillo") (collectively referred to as "Plaintiffs") bring this action under 29 U.S.C. § 216(b) individually and on behalf of all current and/or former employees of Defendant Jan Resources, LLC (referred to as "JAN") who were paid a fixed sum—a salary— regardless of the number of hours they worked and who were employed as field technicians/chemical operators during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

## I.   Nature of Suit

1.    Plaintiffs' claims arise under the FLSA.

2.    The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3.    To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4.    JAN violated the FLSA by employing Plaintiffs and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5.    JAN willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6.    Plaintiffs bring this action under 29 U.S.C. § 216(b) individually and on behalf of all similarly situated current and/or former employees of JAN (defined below) to recover back wages, liquidated damages, attorney's fees and costs under the FLSA.

## II.    Jurisdiction & Venue

7.    This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8.    Venue is proper in this district and division because JAN resides in this district and division. 28 U.S.C. § 1391(b)(1).

## III.    Parties

9.    Castillo is an individual who resides in Ector County, Texas and who was employed by JAN during the last three years.

10.    Levang is an individual who resides in Midland County, Texas and who was employed by JAN during the last three years.

11.    JAN is a Texas corporation that may be served with process by serving its registered agent:

James Lofton
301 W. 50th Street
Odessa, Texas 79764

Alternatively, if the registered agent of JAN cannot with reasonable diligence be found at the company's registered office, JAN may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

– 3 –

12.    An allegation that JAN committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of JAN or was done in the normal course and scope of employment of JAN's officers, directors, vice-principals, agents, servants or employees.

### IV.    Facts

13.    According to its website, JAN is "is a solutions-driven oilfield services company providing world-class completion chemicals, customized chemical injection equipment, water logistics and recycling services, and fracturing fluids for the oil and gas industry."

14.    JAN does business in the territorial jurisdiction of this Court.

15.    JAN employed Castillo from approximately April of 2023 to June 2023.

16.    JAN employed Castillo as a field technician/chemical operator.

17.    JAN employed Levang from approximately December 2022 to August 2023.

18.    JAN employed Levang as a field technician/chemical operator.

19.    As a field technicians/chemical operators, Plaintiffs were responsible manual labor tasks at the well site, including connecting hoses, taking samples, checking for leaks, rigging up and rigging down oil field equipment.

20.    During Plaintiffs' employment with JAN, they was engaged in commerce or in the productions of goods for commerce.

21.    During Plaintiffs' employment with JAN, the company had employees engaged in commerce or in the production of goods for commerce.

22.    During Plaintiffs' employment with JAN, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

23.    During Plaintiffs' employment with JAN, the company had an annual gross volume of sales made or business done of at least $500,000.

24.    JAN paid Plaintiffs on a salary basis.

25.    JAN paid Plaintiffs on a semimonthly basis by direct deposit.

26.    During Plaintiffs' employment with JAN, he regularly worked in excess of forty hours per week.

27.    JAN knew or should have known that Plaintiffs worked in excess of forty hours per week.

28. JAN did not pay Plaintiffs for the hours they worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

29. Instead, JAN paid Plaintiffs a fixed sum—a salary—regardless of the number of hours they worked.

30. Plaintiffs were not exempt from the maximum hour requirements of the FLSA.

31. As technicians/chemical operators, Plaintiffs' primary duties were nonexempt.

32. As a technicians/chemical operators, Plaintiffs' primary duties did not include office or nonmanual work.

33. As a technicians/chemical operators, Plaintiffs' primary duties were not directly related to the management or general business operations of JAN or its customers.

34. As a technicians/chemical operators, Plaintiffs' primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

35. As a technicians/chemical operators, Plaintiffs did not, in performing their primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

36.    As a technician/chemical operator, Plaintiffs were, instead, required to follow JAN's policies, practices and procedures.

37.    As a technician/chemical operator, Plaintiffs did not have any independent authority to deviate from JAN's policies, practices and procedures.

38.    JAN knew or should have known that Plaintiffs were not exempt from the maximum hour requirements of the FLSA.

39.    JAN willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

40.    During Plaintiffs' employment with JAN, the company did not maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

41.    During Plaintiffs' employment with JAN, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

42.    JAN continued the pay practice(s) complained of by Plaintiff without investigation after being put on notice that the pay practice(s) violated the FLSA.

43.    Prior to this lawsuit, JAN conducted one or more internal investigations which revealed violations similar to the one(s) complained of by Plaintiffs.

44. Because JAN willfully violated the FLSA, the company is liable to Plaintiffs for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

45. As a result of the FLSA violation(s) described above, JAN is liable to Plaintiffs for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

46. All technicians/chemical operators who were paid on a salary basis and employed by JAN during the last three years are similarly situated to Plaintiffs because (1) they have similar job duties; (2) they regularly worked or work in excess of forty hours per week; (3) they were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) they are entitled to recover back wages, liquidated damages and attorney's fees and costs from JAN under 29 U.S.C. § 216(b).

### V.   Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

47. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

48. During Plaintiffs' employment with JAN, they were nonexempt employees.

49.     As a nonexempt employees, JAN was legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which they [was] employed[]" for the hours they worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

50.     JAN did not pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which they [were] employed[]" as required by 29 U.S.C. § 207(a)(1).

51.     Instead, JAN paid Plaintiffs a fixed sum—a salary—regardless of the number of hours they worked.

52.     If JAN classified Plaintiffs as exempt from the maximum hour requirements of the FLSA, they was misclassified.

53.     As a result of the FLSA violation(s) described above, JAN is liable to Plaintiffs for back wages equal to the difference between what the company should have paid and what it actually paid.

### VI.    Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

54.     Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

55.     JAN willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

56. During Plaintiffs' employment with JAN, the company did not maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

57. During Plaintiffs' employment with JAN, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

58. JAN continued the pay practice(s) complained of by Plaintiffs without investigation after being put on notice that the pay practice(s) violated the FLSA.

59. Prior to this lawsuit, JAN conducted one or more internal investigations which revealed violations similar to the one(s) complained of by Plaintiffs.

60. Because JAN willfully violated the FLSA, the company is liable to Plaintiffs for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII.   Count Three—
### Collective-Action Allegations Under 29 U.S.C. § 216(b)

61. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

62. On information and belief, other employees of JAN have been victimized by the FLSA violation(s) described above.

63. Plaintiffs and the members of the Overtime Collective (defined below) are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*,

all such individuals worked pursuant to Defendant's previously described common business practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including Defendant's common compensation, timekeeping and payroll practices.

64.    These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

65.    JAN's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the members of the Overtime Collective (defined below).

66.    Since Plaintiffs' experiences are typical of the experiences of the members of the Overtime Collective (defined below), collective-action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

67.    For these reasons and in accordance with 29 U.S.C. § 216(b), Plaintiffs request that the Court authorize notice regarding the pendency of this case and the right to join it to the following collective(s):

> All technicians/chemical operators employed by JAN during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks

and who were paid a fixed sum—a salary—regardless of the number of hours they worked (the "Overtime Collective").

68.    JAN is liable to Plaintiffs and the members of the Overtime Collective for back wages equal to the difference between what the company should have paid and what it actually paid.

69.    Plaintiffs have retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex employment litigation (including class actions, collective actions, and multidistrict litigation); Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of him and the members of the Overtime Collective, have the financial resources to do so and do not have interests that are contrary to or that conflict with those of the proposed collective(s).

## VIII.  Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

70.    Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

71.    Plaintiffs are authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

72.    Plaintiffs are authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

73.    Plaintiffs have retained the professional services of the undersigned attorneys.

74.    Plaintiffs have complied with the conditions precedent to recovering attorney's fees and costs.

75.    Plaintiffs have incurred or may incur attorney's fees and costs in bringing this lawsuit.

76.    The attorney's fees and costs incurred or that may be incurred by Plaintiffs were or are reasonable and necessary.

77.    JAN is liable to Plaintiffs and the members of the Overtime Collective for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX.    Relief Sought

78.    Plaintiffs demand the following relief:

   a.  an order under 29 U.S.C. § 216(b) authorizing notice regarding the pendency of this case and the right to join it to the Overtime Collective;

   b.  an order appointing Plaintiffs representative of the Overtime Collective;

   c.  an order appointing MOORE & ASSOCIATES counsel for the Overtime Collective;

   d.  an incentive award for Plaintiffs for serving as representative of the Overtime Collective if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

e.  judgment against JAN in Plaintiffs' favor both individually and on behalf of the members of the Overtime Collective for back wages, liquidated damages and attorney's fees, plus interest and costs; and

f.  all other relief and sums that may be adjudged against JAN in Plaintiffs' favor both individually and on behalf of the members of the Overtime Collective.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street | Suite 1110
Houston, Texas 77002-1055
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: _____

Melissa Moore
Tex. Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**