**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **ELIAS V. CASTILLO and** | § | |
| **MARTIN LEVANG, Individually and On** | § | |
| **Behalf of All Others Similarly Situated,** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. 7:24-cv-00005** |
| | § | |
| **v.** | § | |
| | § | |
| **JAN RESOURCES, LLC** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT JAN RESOURCES, LLC'S ORIGINAL ANSWER

JAN Resources, LLC ("JAN") hereby submits the following Answer, in response to Elias V. Castillo and Martin Levang ("Plaintiffs"), on Behalf of Himself and All Others Similarly Situated Plaintiffs' Original Complaint.

**I.**
**ORIGINAL ANSWER**

In response to the specifically numbered paragraphs of Plaintiffs' Original Complaint, JAN answers as follows:

1.      JAN need not admit or deny the allegations in this paragraph.

2.      JAN need not admit or deny the legal conclusions contained in this paragraph.

3.      JAN need not admit or deny the legal conclusions contained in this paragraph.

4.      JAN need not admit or deny the legal conclusions contained in this paragraph. Otherwise, deny.

5.      JAN denies the allegations contained in this paragraph.

6.      JAN need not admit or deny the legal conclusions contained in this paragraph.

7.     JAN need not admit or deny the legal conclusions contained in this paragraph.

8.     JAN admits that it does business in Odessa, Texas and denies the remainder of the allegations set forth in this paragraph.

9.     JAN lacks the knowledge to admit or deny where Plaintiff resides. JAN admits the remaining allegations contained in this paragraph.

10.     JAN lacks the knowledge to admit or deny where Plaintiff resides. JAN admits the remaining allegations contained in this paragraph.

11.     JAN admits that James Lofton is JAN's registered agent. JAN need not admit or deny the remaining legal allegations contained in this paragraph.

12.      JAN denies the allegations contained in this paragraph.

13.     JAN admits the allegations contained in this paragraph.

14.     JAN admits that it does business in Odessa, Texas. JAN need not admit or deny the remaining allegations in this paragraph.

15.     JAN admits the allegations contained in this paragraph.

16.     JAN admits only that Plaintiff Castillo was employed by JAN, and denies the remainder.

17.     JAN denies the allegations contained in this paragraph.

18.     JAN admits only that Plaintiff Levang was employed by JAN, and denies the remainder.

19.     JAN admits only that a field technician may conduct some of the work described in this paragraph and denies the remaining allegations contained in this paragraph.

20.     JAN admits the allegations contained in this paragraph.

21.     JAN admits the allegations contained in this paragraph.

22.     JAN admits the allegations contained in this paragraph.

23.     JAN admits the allegations contained in this paragraph.

24.     JAN denies the allegations contained in this paragraph as written.

25.     JAN admits only that Plaintiff Castillo and Plaintiff Levang were paid biweekly by direct deposit, and denies the remainder.

26.     Plaintiff's use of the word "regularly" is ambiguous, and therefore JAN is unable to specifically admit or deny, and therefore denies this allegation as written.

27.     JAN denies the allegations contained in this paragraph.

28.     JAN need not admit or deny the legal conclusions contained in this paragraph, otherwise deny.

29.     JAN admits only that Plaintiff Castillo and Plaintiff Levang were paid a salary, and otherwise denies.

30.     JAN need not admit or deny the legal conclusions contained in this paragraph, and therefore denies.

31.     Plaintiff's use of the words "primary" and "technicians/chemical operators" is ambiguous, and therefore JAN is unable to specifically admit or deny, and therefore denies this allegation as written.

32.     Plaintiff's use of the words "primary," "nonmanual," and "technicians/chemical operators" is ambiguous, and therefore JAN is unable to specifically admit or deny, and therefore denies this allegation as written.

33.     Plaintiff's use of the words "primary" and "technicians/chemical operators" is ambiguous, and therefore JAN is unable to specifically admit or deny, and therefore denies this allegation as written.

34.     Plaintiff's use of the words "primary," "traditionally," and "technicians/chemical operators" is ambiguous, and therefore JAN is unable to specifically admit or deny, and therefore denies this allegation as written.

35.     Plaintiff's use of the words "primary," "regularly," "matters of significance," and "technicians/chemical operators" is ambiguous, and therefore JAN is unable to specifically admit or deny, and therefore denies this allegation as written.

36.     Plaintiff's use of the words "JAN's policies, practices, and procedures" and "technicians/chemical operators" is ambiguous, and therefore JAN is unable to specifically admit or deny, and therefore denies this allegation as written.

37.     Plaintiff's use of the words "independent authority" and "technicians/chemical operators" is ambiguous, and therefore JAN is unable to specifically admit or deny, and therefore denies this allegation as written.

38.     JAN denies the allegations contained in this paragraph.

39.     JAN denies the allegations contained in this paragraph.

40.     JAN need not admit or deny the legal conclusions contained in this paragraph, otherwise, deny.

41.     JAN need not admit or deny the legal conclusions contained in this paragraph, otherwise deny.

42.     Plaintiff need not admit or deny the legal conclusions contained in this paragraph. Plaintiff's use of the words "without investigation" and "put on notice" is ambiguous, and therefore JAN is unable to specifically admit or deny, and therefore denies this allegation as written.

43.    Plaintiff's use of the words "internal investigations" and "violations similar is ambiguous, and therefore JAN is unable to specifically admit or deny, and therefore denies this allegation as written.

44.    JAN denies the allegations contained in this paragraph.

45.    JAN denies the allegations contained in this paragraph.

46.    JAN denies the allegations contained in this paragraph.

47.    JAN need not admit or deny the allegations contained in this paragraph.

48.    JAN denies the allegations contained in this paragraph.

49.    JAN need not admit or deny the legal conclusions contained in this paragraph, otherwise deny.

50.    JAN denies the allegations contained in this paragraph.

51.    JAN denies the allegations contained in this paragraph.

52.    JAN denies the allegations contained in this paragraph.

53.    JAN denies the allegations contained in this paragraph.

54.    JAN need not admit or deny the allegations contained in this paragraph.

55.    JAN denies the allegations contained in this paragraph.

56.    JAN denies the allegations contained in this paragraph.

57.    JAN denies the allegations contained in this paragraph.

58.    Plaintiff need not admit or deny the legal conclusions contained in this paragraph. Plaintiff's use of the words "without investigation" and "put on notice" is ambiguous, and therefore JAN is unable to specifically admit or deny, and therefore denies this allegation as written.

59.    Plaintiff's use of the words "internal investigations" and "violations similar is ambiguous, and therefore JAN is unable to specifically admit or deny, and therefore denies this allegation as written.

60.    JAN denies the allegations contained in this paragraph.

61.    JAN need not admit or deny the allegations contained in this paragraph.

62.    JAN denies the allegations contained in this paragraph.

63.    JAN denies the allegations contained in this paragraph.

64.    JAN denies the allegations contained in this paragraph.

65.    JAN denies the allegations contained in this paragraph.

66.    JAN need not admit or deny the allegations contained in this paragraph. Otherwise, deny.

67.    JAN need not admit or deny the allegations contained in this paragraph.

68.    JAN denies the allegations contained in this paragraph.

69.    JAN need not admit or deny the allegations contained in this paragraph.

70.    JAN need not admit or deny the allegations contained in this paragraph.

71.    JAN admits only that Plaintiffs pled the allegations contained in this paragraph and denies that Plaintiffs are entitled to relief.

72.    JAN admits only that Plaintiffs pled the allegations contained in this paragraph and denies that Plaintiffs are entitled to relief.

73.    JAN need not admit or deny the allegations contained in this paragraph.

74.    JAN need not admit or deny the allegations contained in this paragraph. Otherwise, deny.

75.     JAN lacks the knowledge to admit or deny the allegations contained in this paragraph.

76.     JAN lacks the knowledge to admit or deny where Plaintiff resides. JAN admits the remaining allegations contained in this paragraph. Otherwise, deny.

77.     JAN denies the allegations contained in this paragraph.

78.     JAN admits only that Plaintiffs pled the allegations contained in this paragraph and denies that Plaintiffs are entitled to relief.

## II.
## AFFIRMATIVE AND OTHER DEFENSES

79.     The claims of Plaintiffs or any putative plaintiffs are barred, in whole or in part, by as the collective is not properly brought because it overlaps with a first filed collective, *Hurd v. Jan Resources*,  No. 7:23-cv-142, in the Western District of Texas, Midland/Odessa Division.

80.     The claims of Plaintiffs or any putative plaintiffs are barred, in whole or in part, by the applicable statutes of limitations. Specifically, to the extent the period of time, or any part thereof, alluded to in the Complaint, or the period of time alleged later in the action, predates the two-year limitations period set forth in Section 6(a) of the Portal-to-Portal Act of 1947, 29 U.S.C. § 255(a), as such claims are barred because they do not arise out of a willful violation.

81.     The claims of Plaintiffs or any putative plaintiffs are barred, in whole or in part by Section 10 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation and the putative plaintiffs were taken in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administration practices or enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

82.     In the event any sum may be found due and owing to Plaintiffs or any putative plaintiffs, which Defendant denies, the Court should exercise its discretion to limit or reduce liquidated damages claims under Section 11 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 260, because any acts or omissions by Defendant giving rise to this action were taken in good faith, not done willfully or with intent, and/or were taken with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

83.     Plaintiffs' claims are barred, in whole or in part, as Plaintiffs were properly compensated for all hours worked.

84.     The Complaint fails, in whole or in part, because the time alleged by Plaintiffs or any putative plaintiffs does not constitute "hours worked" under the FLSA.

85.     Plaintiffs' and the putative plaintiffs' claims are barred, in whole or in part, to the extent any activities he may have performed were not compensable work or were de minimis.

86.     Some of the activities of plaintiffs and some putative plaintiffs do not constitute compensable work time because they were preliminary and/or postliminary to the principal work activities, and they therefore were not compensable.

87.     Some of the activities of plaintiffs and the putative plaintiffs do not constitute compensable work time because they were not an integral and indispensable part of the principal work activities, and they, therefore, were not compensable.

88.     Plaintiffs and the putative plaintiffs are not entitled to any recovery to the extent the work performed falls within exemptions, exclusions, or credits provided for under the FLSA in 29 U.S.C. § 213(a) or (b), including, but not limited to, the administrative, professional, executive, highly compensated and Motor Carrier Act exemptions.

89.    There is no class of persons similarly situated to Plaintiffs with respect to the application of the FLSA and, therefore, this action may not be maintained as a collective action, nor is Court-facilitated notice proper, pursuant to 29 U.S.C. § 216(b).

90.    To the extent that Plaintiffs state a claim against Defendant, Plaintiffs' claims cannot be maintained as a collective action or class action because Plaintiffs are not adequate collective/class action representatives and issues pertaining to Plaintiffs are not sufficiently particular to any other putative plaintiffs.

91.    The liquidated damages provisions of the respective wage laws, on their face or as applied, are penal or punitive in nature, such that liquidated damages should only be awarded upon the requisite level of proof.

92.    Plaintiffs' claims, and the claims of each putative plaintiff of any purported FLSA collective class are matters in which individual questions predominate and, accordingly, are not appropriate for collective treatment pursuant to 29 U.S.C. § 216(b) or class treatment under Rule 23.

93.    If Defendant is found to have failed to pay Plaintiffs or any putative plaintiff of any purported FLSA collective, which allegation Defendant expressly denies, any such amounts should be barred or reduced based on Plaintiffs' and/or any putative plaintiffs' failure to notify Defendant of any alleged payment error or to otherwise mitigate his/her damages.

94.    Plaintiffs' claims, and the claims of any putative plaintiffs of any purported FLSA collective class, are barred to the extent that they approved and ratified the actions complained of in the Complaint.

95.     Plaintiffs' claims preclude certification of any purported FLSA collective class because the determination of liability for Plaintiffs and each putative plaintiff would be highly individualized and would predominate over any trial.

96.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to pursue those claims on behalf of themselves and/or some or all of the putative plaintiffs of any purported FLSA collective class, and Plaintiffs cannot adequately represent the interests of some or all of the putative plaintiffs and/or are not appropriate class representatives.

97.     Plaintiffs' claims are barred because the regulatory framework relied upon by Plaintiffs is not supported by the statutory text of the FLSA and therefore were improperly promulgated.

98.     Plaintiffs' Original Complaint fails to state a claim for which relief may be granted, including, inter alia, Plaintiffs has not alleged the number of hours allegedly worked and wages not received.

## III.
## PRAYER

99.     Defendant reserves the right to assert a counterclaim and to amend this Answer.

100.    Defendant prays for the following relief:

    a.  An order dismissing Plaintiffs' case;

    b.  All such other and further relief to which Defendant may be entitled as a matter of law or equity.

Dated: February 13, 2024.

Respectfully submitted,

**LITTLER MENDELSON**

/s/ *David B. Jordan*
David B. Jordan
Texas Bar No. 24032603
W.D. Tex. Bar No. 40416
djordan@littler.com
LITTLER MENDELSON
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 652-4709
Facsimile: (713) 951-9212

**ATTORNEY-IN-CHARGE**
**JAN RESOURCES, LLC**

**OF COUNSEL**:

**BOYARMILLER**

Matthew S. Veech
Texas Bar No. 24000372
Federal Bar No. 268801
mveech@boyarmiller.com
2925 Richmond Ave., 14th Floor
Houston, Texas 77098
Telephone: (713) 850-7766
Facsimile: (713) 552-1758

Andrew Pearce
Texas Bar No. 24060400
Federal Bar No. 919001
apearce@boyarmiller.com
2925 Richmond Ave., 14th Floor
Houston, Texas 77098
Telephone: (713) 850-7766
Facsimile: (713) 552-1758

Jade M. Rodriguez
Texas Bar No. 24128200
Federal Bar No. 3772383
jrodriguez@boyarmiller.com
2925 Richmond Ave., 14th Floor
Houston, Texas 77098
Telephone: (713) 850-7766
Facsimile: (713) 552-1758

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Defendant JAN Resources, LLC's Original Answer* was served upon the following counsel of record on this 13th day of February, 2024, via the Notice of Electronic Filing e-mail generated by the Court's CM/ECF system.

/s/ *Jade Rodriguez*
Jade Rodriguez